UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Robert Spallone, on behalf of himself and all others similarly situated, </br></br>Plaintiff, </br></br>v. </br></br>Chen Sushi King, LLC d/b/a SOHO 544, and John Doe 1-10, individually, </br></br>Defendants. | C/A: 4:16-cv-01684-RBH </br></br></br></br>**RULE 16(a)(1) ORDER** |

Plaintiff, Robert Spallone ("Plaintiff"), on behalf of himself and on behalf of all others similarly situated, including all opt-in Plaintiffs (collectively, "Plaintiffs") and Defendants Chen Sushi King, LLC d/b/a SOHO 544 and John Doe 1-10, individually, (collectively "Defendants"), (Plaintiffs and Defendants jointly "Parties"), by and through their counsel, have jointly moved this Court for an Order, pursuant to FRCP 16(a)(1), to stipulate to certain issues in an effort to streamline this action. Parties have negotiated a compromise in which each is giving up certain rights, but each believes it is best for them in proceeding with this action. Parties and their counsel, who jointly prepared the motion, expressly acknowledge that the rights granted below may exceed the legal limits of a particular cause of action, but the final result below is the agreed compromise. Plaintiffs and Defendants agree to the following, thus, **IT IS ORDERED,**

1.  Plaintiffs will dismiss, with prejudice, their Third Cause of Action alleging violation of the South Carolina Payment of Wages Act, which had the potential to be a Rule 23 Class Action.

2.  In exchange for this dismissal, Defendants consent that Plaintiffs have, under their

Order Under Rule 16
C/A: 4:16-cv-01684-RBH

current first cause of action alleging violations of the FLSA, as an **additional**, available remedy to them, the ability to recover all tips he or she contributed to the *one Tip Pool* operated by Defendants, which tips were redistributed by Defendants to employees who did not customarily and regularly receive tips. This remedy, pursuant to this compromise and joint motion, is available for both actual damages and Liquidated Damages under the burdens of proof of actual damages and liquidated damages under the FLSA. Thus, if this court should rule that Plaintiffs are entitled to Liquidated Damages for the wage difference of the Tip Credit, then Plaintiffs, under this compromise, will also be entitled to Liquidated Damages for all tips specified above. This additional remedy, which *may* be unavailable under the FLSA, is in addition to all other remedies available to Plaintiffs under the FLSA.

3. For the damages recovered for the tips contributed to the Tip Pool in section 2 above, the same standards for the length of the statute of limitations under the FLSA will apply for this additional remedy.

4. Neither this motion nor any of its content will be admissible to the jury.

**IT IS SO ORDERED.**

August 24, 2016                                    s/ R. Bryan Harwell
Florence, South Carolina                      R. Bryan Harwell
                                                              United States District Judge